UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COUPLED PRODUCTS, LLC,

       Plaintiff,

v.

       Case No. 09-12081

       HONORABLE DENISE PAGE HOOD

COMPONENT BAR PRODUCTS, INC.,

       Defendant.
       _____/

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO DISMISS FOR IMPROPER VENUE AND SETTING SCHEDULING CONFERENCE DATE

**I. INTRODUCTION**

This matter is before the Court on Defendant, Component Bar Products, Inc.'s Motion to Transfer Venue, or in the Alternative, to Dismiss for Improper Venue, filed on June 24, 2009. On July 15, 2009, Plaintiff, Coupled Products, LLC, filed a Brief in Opposition to Defendant's Motion to Transfer Venue, or in the Alternative, to Dismiss for Improper Venue. On July 27, 2009, Defendant filed a Reply in Support of its Motion. On August 6, 2009, this Court entered an Order indicating that pursuant to Local Rule 7.1(e)(1), a determination will be made by the Court without oral arguments.

**II. STATEMENT OF FACTS**

Plaintiff is a Delaware limited liability company with its principal place of business in Rochester Hills, Michigan. Compl., ¶ 1. Defendant is a corporation organized under the laws of the

State of Missouri, with its principal place of business in Missouri. Compl., ¶ 2. Plaintiff is a manufacturer and supplier of automotive hose and tube assemblies. Compl., ¶ 5. Defendant is a supplier of machined component parts used in the automotive and other industries. Compl., ¶ 6. In 2001, Dana Corporation began ordering precision-machined automotive component parts from Defendant pursuant to purchase order P110065. Compl., ¶ 7. On May 28, 2007, Plaintiff and Dana Corporation entered into an Asset Purchase Agreement. Compl., ¶ 8.

The supply agreements between the former Dana Corporation and its suppliers were not transferred to Plaintiff and, on or about September 24, 2007, Plaintiff drafted a letter to each of its suppliers informing them that the new company had adopted the name Coupled Products, LLC, and that new purchase orders would issue as appropriate with the new legal entity. Compl., ¶ 10. On September 25, 2007, Plaintiff emailed a copy of this letter to Defendant. Compl., ¶ 11. Attached to the email was the 15th revised version of purchase order number P110065. Compl., ¶ 12. Defendant began producing and shipping parts to Plaintiff pursuant to the revised purchase order. Compl., ¶ 13. Additional revisions were made to the purchase orders. Compl., ¶¶ 14-16.

From December 5, 2007 through January 7, 2009, Plaintiff issued releases against the purchase orders, or periodic requests for parts, and Defendant supplied the parts requested. Defendant would then send invoices to Plaintiff's Rochester Hills, Michigan headquarters. *See* Plf.'s Br. in Opp., Ex. A. On or about January 7, 2009, Defendant notified Plaintiff via a telephone call placed to Joe Kochan, Plaintiff's President, at the Rochester Hills, Michigan headquarters that Defendant would not continue to deliver the parts unless Plaintiff made full cash-in-advance

payment of all outstanding and future invoices associated with the purchase order prior to shipping.[1]
Compl., ¶ 24; *see also*, Plf.'s Br. in Opp., Ex. A.  Plaintiff informed Defendant that its insistence on cash-in-advance payment constituted a substantial and material departure from the payment terms, amounting to anticipatory repudiation of the existing contract between the parties.  Compl., ¶25.  Despite this warning, Defendant would not relent on its insistence of cash-in-advance payment.  Compl., ¶ 26.  At the time, the remaining inventory in Defendant's possession was valued at $79,462.55.  Plaintiff was required to contract with other parts suppliers due to Defendant's actions.  Compl., ¶ 28.  Plaintiff claims this cost Plaintiff more than $150,000.00.   Compl., ¶29.

On May 29, 2009, Plaintiff filed the instant action alleging: Breach of Contract, Count I; Anticipatory Repudiation, Count II; Unjust Enrichment, Count III; Conversion, Count IV; and Claim and Delivery, Count V.  Some time prior to initiating the present lawsuit, Plaintiff filed a similar action against Defendant in the United States District Court for the Northern District of Ohio.  On May 28, 2009, the district court in Ohio granted the Defendant's Motion to Dismiss based on a lack of jurisdiction, finding that the forum selection clause in the Terms and Conditions, which required any disputes arising from the parties' agreement to be resolved in the Ohio courts, was not part of the parties' agreement.  *See* Def.'s Mot. for Summ. J., Ex. 5.  The district court judge did not address Defendant's arguments as to improper venue.  *Id.*

### III. APPLICABLE LAW & ANALYSIS

#### A. Venue

Defendant argues that venue is improper in this Court and this cause of action should be

---

[1] It is Defendant's contention that Plaintiff had fallen behind in its payments to Defendant.

3

transferred to the United States District Court for the Eastern District of Missouri, where the Defendant resides, and where a substantial portion of the events giving rise to the dispute arose and where the inventory is located.

      28 U.S.C. § 1391(a) defines proper venue as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Additionally, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . ." 28 U.S.C. § 1391(c). "This means that anything that would make the corporation amenable to jurisdiction in that district, or permit extraterritorial service of the court's summons under any several well known tests, would ipso facto make that district a proper venue as well." *Berger v. King World Productions, Inc.*, 732 F. Supp. 766, 769 n. 3 (E.D. Mich. 1990).

    "A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F. 3d 883, 888 (6th Cir. 2002). In Michigan, the "long arm" statute extends "'limited' jurisdiction over nonresident corporations . . . for claims arising from the defendant's activities that were either within Michigan or had an in-state effect." *Id.; see also*, MICH. COMP. LAWS § 600.715. Michigan's long arm statute lists "activities that will subject a nonresident corporation to the exercise of limited personal jurisdiction by Michigan courts." *Salom Enterprises, LLC v. TS Trim Industries, Inc.*, 464

4

F. Supp. 2d 676, 683 (E.D. Mich. 2006). One of the listed activities is where the nonresident corporation transacts business within the state. *See* MICH. COMP. LAWS § 600.715. Plaintiff argues that Defendant's transacting business in the State of Michigan provides the basis for this Court's exercise of limited personal jurisdiction over Defendant. Defendant apparently concedes this point as it does not address Plaintiff's argument in its reply brief, addressing only the issue of *forum non conveniens*. The Court concludes that Defendant conducts business in Michigan. In *Salom Enterprises*, *supra*, the court found that the defendant had conducted business in Michigan by sending orders and making payments to the plaintiff in Oakland County, Michigan, wiring payments to Plaintiff's Michigan bank account, and telephonically negotiating the terms of the contract while aware that the plaintiff was located in Michigan. *Salom Enterprises*, 464 F. Supp. 2d at 684. Similar to the facts in *Salom*, Defendant consummated each version of the purchase order while aware of Plaintiff's location in Rochester Hills, Michigan, sent invoices and payments to Plaintiff in Michigan and telephonically ended the contract by contacting Mr. Kochan at his office in Rochester Hills, Michigan. Therefore, Plaintiff has met the first requirement for establishing that this Court has personal jurisdiction over Defendant.

Next, this Court must determine whether the exercise of limited personal jurisdiction over Defendant satisfies the Due Process Clause. The Court must use the following test to make this determination:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make exercise of jurisdiction over the defendant reasonable.

*Neogen*, 282 F. 3d at 890. "Purposeful availment . . . is present where the defendant's contacts with

5

the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State. . . ." *Id.* at 889. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). Additionally, "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Id.* The Supreme Court has emphasized that:

> [W]ith respect to interstate contractual obligations, ... parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulations and sanctions in the other State for the consequences of their activities.

*Burger King*, 471 U.S. at 473. The *Salom Enterprises* court determined that by consummating the agreement, the defendant bound itself to pay an entity that it knew operated in Michigan, thereby deliberating engaging "in significant activities in the forum state, making the exercise of jurisdiction presumptively reasonable." *Salom Enterprises*, 464 F. Supp. 2d at 685. Here, through Defendant's acceptance and performance of the 15th revision of the purchase order, as well as subsequent revisions, Defendant "knowingly availed itself of the privilege of doing business in Michigan." Id. By the acceptance, performance and receipt of payments from a company Defendant knew to be operating in Michigan, Defendant made itself "subject to regulations and sanctions in [Michigan] for the consequences of [its] activities." *Burger King*, 471 U.S. at 473. Defendant is subject to personal jurisdiction in this district and this renders this district a proper venue as well. *See Berger,* 732 F. Supp. at 769 n. 3. Accordingly, there is no basis for dismissal of this action for improper venue.

### B. Transfer pursuant to § 1404(a)

Defendant also argues that, even if venue is proper in this Court, this action should be

transferred to Missouri based on *forum non conveniens*. 28 U.S.C. § 1404(a) provides in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under this rule, district courts have broad discretion to transfer a case to any judicial district where it may been brought originally. *Amphion, Inc. v. Buckeye Electric Co.*, 285 F. Supp. 2d 943, 947 (E.D. Mich. 2003). To determine whether to transfer a case, district courts should "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). Specifically, the court should consider:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(citations omitted). Courts may additionally consider "any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" *Int'l Car Show Assoc. v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

In all cases venue must be proper in the transferor and the transferee court under 28 U.S.C. § 1391. Furthermore, the Supreme Court has stated that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum . . . ." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Additionally, the Sixth Circuit has noted that "unless the balance is

7

strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055). Further, at least one court in this circuit has stated that "[i]nconvenience to parties and witnesses is not sufficient in itself to justify, much less require, a transfer. *Holiday Rambler Corp. v. American Motors Corp.*, 254 F. Supp. 137, 139 (W.D. Mich. 1966). Defendant "bears the burden of demonstrating that fairness and practicality strongly favor the forum to which transfer is sought." *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749 (2004)(internal quotations omitted).

The first question this Court must answer is whether this action could have been brought in the United States District Court for the Eastern District of Missouri. *Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834 (E.D. Mich. 2000). This matter could have been filed in the Missouri court. Defendant is a resident of Missouri, Defendant produced the component parts that are the subject of the parties' agreement, and Defendant still retains the inventory that Plaintiff alleges belongs to it. However, after weighing the case specific factors, this Court concludes that this case should not be transferred to the United States District Court for the Eastern District of Missouri.

Defendant argues that none of its witnesses are located in Michigan, and that certain witnesses who will give pertinent testimony in regard to Plaintiff's allegations and Defendant's defenses reside in Missouri. Specifically, Defendant's Vice-President, Controller and Project Manager are residents of Missouri. Therefore, Defendant argues that the convenience of the parties and the witnesses favors transfer of this matter to the United States District Court for the Eastern District of Missouri. Plaintiff counters that its witnesses are located here in Michigan, or in Indiana,

and it will be more convenient for its out-of-state witnesses to travel to Michigan, as opposed to Missouri. Plaintiff argues that Defendant is impermissibly attempting to shift its inconvenience to Plaintiff. The Court agrees. While Defendant will be inconvenienced if the case is tried before this Court, Plaintiff will likewise be inconvenienced if the case is transferred. "Merely shifting the burden from one party to another is impermissible." *Id.* at 837. Therefore, both the parties' and the witnesses' convenience factors favor Plaintiff.

As to the relative ease of access to sources of proof and location of documents, the Court finds that this factor does not favor transfer of the case. Due to advancement in technology, it is not burdensome for Defendant to have to bring documents to this Court. *See Grand Kensington, LLC*, 81 F. Supp. 2d at 837 ("Given the conveniences of today's world, the Court finds that the bringing of various documents to this district is not burdensome, let alone something that would tip the scales in favor of transferring the matter . . . ."); *see also, Wayne County Employees' Retirement System v. MGIC Investment Corp.*, 604 F. Supp. 2d 969, (E.D. Mich. 2009)(citing *Am.SS. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("[T]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."). Defendant has made no argument that the inventory in its possession will need to be examined by the fact finder, a fact which would favor transfer. A review of the Complaint demonstrates that the dispute does not involve the inventory in Defendant's possession, but rather the terms of the contract and whether Defendant repudiated the contract's terms.

As to the locus of operative facts, Defendant maintains that the majority of facts giving rise to this action occurred in Missouri. Specifically, Defendant notes that it received Plaintiff's release

9

orders and manufactured the parts in Missouri, and retained the inventory that is partly the subject of Plaintiff's Complaint. Plaintiff counters that Defendant sent the invoices and payments to Plaintiff in Michigan, as well as contacted Mr. Kochan at his office in Rochester Hills, Michigan to inform him of Defendant's desire to have all outstanding and future orders be paid in advance. Defendant relies on *Wayne County Employees' Retirement System, supra,* in support of its argument; however, this case is distinguishable from the present matter. The decisive factor in that case was that there were five other similar actions filed against the same defendants, four of which were filed in the United States District Court for the Eastern District of Wisconsin. *Wayne County Employees' Retirement System,* 604 F. Supp. 2d at 977. The court found no reason to consider the sole case filed in the State of Michigan to be an outlier, the claims were the same, and the discovery was likely to overlap. *Id.* That is simply not the case here. Defendant's contention that Plaintiff's choice of forum is not entitled to substantial deference because the majority of operative facts occurred in Missouri is simply inaccurate.

Lastly, Defendant has failed to demonstrate that the interests of practicality, efficiency, or judicial economy would be better served by transferring this case to Missouri.

Because Plaintiff's choice of forum is entitled to substantial deference and Defendant has not demonstrated that any of the above factors weigh in favor of transfer, the Court denies Defendant's Motion to Transfer Venue to the United States District Court for the Eastern District of Missouri. Defendant has not demonstrated that the balance of the factors are strongly in its favor; accordingly, the Court will not prevent Plaintiff from trying this matter where it has chosen to do so. *See Nicol v. Koscinski*, 188 F.2d at 537 ("[U]nless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed.") In its Reply Brief, Defendant

makes much out of the fact that "Coupled's own terms and conditions include a forum selection clause designating the federal and state courts in Toledo, Ohio as the exclusive venue." *See* Def.'s Reply at 1. This argument is inapposite to the argument Defendant raised in the United States District Court for the Northern District of Ohio, an argument which prevailed and won Defendant dismissal of that case in that forum. Defendant has failed to "demonstrat[e] that fairness and practicality strongly favor the forum to which transfer is sought." *Audi AG*, 341 F. Supp. 2d at 749.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer Venue, or in the Alternative, to Dismiss for Improper Venue **[Docket No. 6, filed June 24, 2009]** is DENIED.

IT IS FURTHER ORDERED that a Scheduling Conference is scheduled for May 10, 2010 at 2:00 p.m.

IT IS SO ORDERED.

          S/Denise Page Hood  
          Denise Page Hood  
          United States District Judge

Dated: March 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2010, by electronic and/or ordinary mail.

          S/William F. Lewis  
          Case Manager