# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**COUPLED PRODUCTS, LLC,**

        **Plaintiff,**        **CIVIL ACTION NO. 09-CV-12081**

  **vs.**                    **DISTRICT JUDGE DENISE PAGE HOOD**

**COMPONENT BAR**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**PRODUCTS, INC.,**

        **Defendant.**
_____/

## ORDER DENYING DEFENDANT COMPONENT BAR PRODUCTS, INC.'S MOTION TO COMPEL (DOCKET NO. 25)

This matter is before the Court on Defendant Component Bar Products, Inc.'s Motion to Compel filed on September 10, 2010. (Docket no. 25). Plaintiff Coupled Products, LLC, filed a Response To Component Bar Products, Inc.'s Motion To Compel on September 23, 2010. (Docket no. 28). Defendant filed a Reply on October 4, 2010. (Docket no. 29). The parties filed a Joint Statement Of Unresolved Issues on October 25, 2010. (Docket no. 32). This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 26). On November 3, 2010 the Court heard oral argument on both matters. The matter is ready for ruling.

**1.**     **Facts and Claims**

Plaintiff brings this action against its supplier Defendant and makes claims for breach of contract, anticipatory repudiation, unjust enrichment/quantum meruit, conversion and claim and delivery. (Docket no. 1). Plaintiff makes and supplies automotive hose and tube assemblies and Defendant makes and supplies machined automotive components. In 2001 Dana Corporation began ordering products from Defendant pursuant to a purchase order. In May 2008 Coupled Products Acquisition Company (later Plaintiff Coupled Products, LLC) entered into an asset purchase

agreement with Dana Corporation. In September 2007 Plaintiff commenced operations and alleges that it sent a revised purchase order to Defendant with its new contractual terms and conditions and that Defendant began shipping its product. Plaintiff alleges that the final purchase order contains the payment term "Net 60 Days."

Plaintiff alleges that on January 7, 2009 Defendant unilaterally notified Plaintiff via telephone that Defendant would not continue to deliver parts unless Plaintiff made full cash-in-advance payment on all outstanding and future invoices associated with the purchase order prior to shipping. (Docket no. 1 ¶ 24). Plaintiff argues that as a result Plaintiff was required to contract for production and delivery of the parts from two other suppliers and that Plaintiff's damages are more than $150,000.

Defendant filed a counter-claim and argues that its invoice(s) to Plaintiff contain a "Net 30 Days" payment term. (Docket no. 9 ¶ 9). Defendant alleges that during 2008 and 2009 Plaintiff failed to timely pay many of Defendant's invoices which resulted in a "growing account payable." (Docket no. 9 ¶ 11). Defendant alleges that it made repeated demands that Plaintiff make payments. Defendant alleges that Plaintiff's failure to timely pay was a breach and that Plaintiff failed to cure its breach. Defendant brings claims for breach of contract and account stated. Defendant alleges that Plaintiff owes $348,071.97, excluding interest.

On June 3, 2010 Defendant served its First Set of Interrogatories and Requests for Production of Documents. Plaintiff responded on July 2, 2010 and objected to Document Request Nos. 11-22 and 25-26 which seek Plaintiff's financial records. Defendant brings this motion seeking production of these documents.

**2.    Analysis**

Defendant's Document Request Nos. 11-22 and 25-26 seek financial information and documents. Defendant argues that the documents are relevant to Plaintiff's accusation that Defendant breached the parties' contract by demanding cash-in-advance terms. Defendant argues that it "intends to show that Coupled [Plaintiff] was in a precarious financial condition at the time (sic) Component Bar's demand, Component Bar was reasonably insecure about receiving payment on goods manufactured and shipped and therefore, Component Bar [Defendant] was justified in accelerating its payment terms." (Docket no. 25 p.5). Defendant in its Reply brief states that it "should be allowed to prove to a Jury that its fears of a Coupled bankruptcy were substantiated" and that the records it seeks are relevant to this issue. (Docket no. 29).

Pursuant to Fed. R. Civ. P. 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii)the burden of expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c)(i), (iii).

At the hearing, the parties' counsel agreed that the Uniform Commercial Code (UCC) applies. As Plaintiff points out, under the Uniform Commercial Code (UCC), "(1) . . . When reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return." M.C.L. 440.2609(1). "Between merchants the reasonableness of grounds for insecurity and the adequacy of any assurance offered shall be determined by commercial standards." M.C.L. 440.2609(2). While not dispositive of Defendant's motion, the Court notes that there appears to be an issue whether Defendant adequately requested assurance prior to requiring cash-in-advance payment.

The fourteen document requests at issue seek extensive financial documents related to Plaintiff. It is not unfair to say that the requests contemplate nearly every document related to Plaintiff's finances for the period of time from January 1, 2007 to December 31, 2009. In short, Document Request No. 11 asks for all corporate tax returns for 2007 through 2009, No. 13 asks for all sales records, No. 14 asks for all documents reflecting monthly and annual costs and operating expenses, No. 15 asks for all product line profit and loss statements which identify Plaintiff's direct and indirect costs and No. 18 asks for all financial projections, forecasts, and budgets prepared by or for Plaintiff. Defendant Component's requests do not stop with income, sales, expenses, profits and loss. The remainder of the requests, Nos. 12, 16, 17, 19, 20, 21, 22, 25 and 26 include such far-reaching topics as capital, assets, loans and appraisals.

Defendant has provided no legal support for its contention that the actual financial state of Plaintiff is relevant to the issue of whether or not Defendant's action was reasonable and Defendant's

4

counsel was unable to cite any legal support at the hearing. Plaintiff has cited two cases to support its argument that the reasonableness of Defendant's requested assurances must be based on the facts and circumstances known at the time assurance was requested. *See By-Lo Oil Co., Inc. v. Partech, Inc.*, 11 Fed. Appx. 538 (6th Cir. 2001) ("The question to be answered is whether a reasonable merchant in By-Lo's position would 'feel that his expectation of receiving full performance was threatened.'")(citation omitted); *Brisbin v. Superior Valve Co.*, 398 F.3d 279, 289 (3rd Cir. 2005) (applying Pennsylvania U.C.C. and what constitutes "reasonable grounds for insecurity" the court noted that "we agree with the Magistrate Judge that Specialty's ability to manufacture the 1065 valves and shells in accordance with Superior's quality control standards is irrelevant. This inquiry pertains to the damages calculation, but it has no bearing on whether, in August 1999, Specialty had reasonable grounds to feel insecure about Superior's commitment to these projects."); *Cf. Erwin Weller Co. v. Talon, Inc.*, 295 N.W.2d 172 (S.D. 1980) ("The growing amount of credit extended to Talon by Weller under the parties' January 1977 agreement and the failure of Talon's president to respond to Weller's attempts to discuss the matter with him gave Weller reasonable grounds for insecurity with respect to future performance by Talon."). The Court finds these cases persuasive where they are consistent with the Michigan UCC requirement that the reasonable grounds for insecurity be determined by commercial standards.

    The Court does not find, and Defendant has not provided, support for Defendant's argument that Plaintiff's *actual* financial state will establish whether Defendant's action was reasonable. There is no evidence, and Defendant does not allege, that Defendant based its action to change the payment terms on anything other than Plaintiff's alleged untimely payments. At the hearing, Defendant's counsel stated that Defendant based its actions on Plaintiff's payment history. Even if Plaintiff's

financial state at the time were relevant, Defendant's Document Requests are far too broad and are in the nature of a fishing expedition[1].

Defendant has not met its initial hurdle of showing the relevance of the financial information it seeks. Fed. R. Civ. P. 26(b)(1). Without a showing that the documents Defendant seeks are relevant, the Court need not reach issues regarding the confidentiality of the material sought or whether the tax returns are discoverable. The Court will deny Defendant's Motion to Compel. Attorneys fees will not be awarded to either party. Fed. R. Civ. P. 34, 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Defendant Component Bar Products, Inc.'s Motion To Compel (docket no. 25) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 12_, 2010     s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing Defendant's counsel raised an additional argument that the financial documents are relevant to Plaintiff's claimed damages. Defendant's counsel argued that of the twelve parts supplied under the purchase order, Plaintiff is believed to have resourced five parts to alternate suppliers and Defendant does not know whether the remaining parts were produced in house or outsourced. Despite this eleventh hour argument, none of the document requests at issue are drafted to address this arguably relevant point.

6

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 12, 2010    s/ Lisa C. Bartlett
                            Case Manager