UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COUPLED PRODUCTS, LLC,**

       **Plaintiff,**         **CIVIL ACTION NO. 09-CV-12081**

  vs.                       **DISTRICT JUDGE DENISE PAGE HOOD**

**COMPONENT BAR**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**PRODUCTS, INC.,**

       **Defendant.**
                           /

**ORDER GRANTING IN PART DEFENDANT COMPONENT BAR PRODUCTS, INC.'S
MOTION TO COMPEL (DOCKET NO. 39)**

      This matter is before the Court on Defendant Component Bar Products, Inc.'s Motion to Compel filed on March 4, 2011. (Docket no. 39). Plaintiff Coupled Products, LLC, filed a Response To Component Bar Products, Inc.'s Motion To Compel on March 25, 2011. (Docket no. 42). Defendant filed a Reply on April 4, 2011. (Docket no. 43). The parties filed a Joint Statement Of Unresolved Issues on April 12, 2011. (Docket no. 46). This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 41). On April 19, 2011 the Court heard oral argument on both matters. The matter is ready for ruling.

**1.    Facts and Claims**

      Plaintiff brings this action against its supplier Defendant and makes claims for breach of contract, anticipatory repudiation, unjust enrichment/quantum meruit, conversion and claim and delivery. (Docket no. 1). Plaintiff makes and supplies automotive hose and tube assemblies and Defendant makes and supplies machined automotive components. In 2001 Dana Corporation began ordering products from Defendant pursuant to a purchase order. In May 2008 Coupled Products Acquisition Company (later Plaintiff Coupled Products, LLC) entered into an asset purchase

agreement with Dana Corporation. In September 2007 Plaintiff commenced operations and alleges that it sent a revised purchase order to Defendant with its new contractual terms and conditions and that Defendant began shipping its product.  Plaintiff alleges that the final purchase order contains the payment term "Net 60 Days."

Plaintiff alleges that on January 7, 2009 Defendant unilaterally notified Plaintiff via telephone that Defendant would not continue to deliver parts unless Plaintiff made full cash-in-advance payment on all outstanding and future invoices associated with the purchase order prior to shipping. (Docket no. 1 ¶ 24).  Plaintiff argues that as a result Plaintiff was required to contract for production and delivery of the parts from two other suppliers and that Plaintiff's damages are more than $150,000.

Defendant filed a counter-claim and argues that its invoice(s) to Plaintiff contain a "Net 30 Days" payment term.  (Docket no. 9 ¶ 9).  Defendant alleges that during 2008 and 2009 Plaintiff failed to timely pay many of Defendant's invoices which resulted in a "growing account payable." (Docket no. 9 ¶ 11).  Defendant alleges that it made repeated demands that Plaintiff make payments. Defendant alleges that Plaintiff's failure to timely pay was a breach and that Plaintiff failed to cure its breach.  Defendant brings claims for breach of contract and account stated.  Defendant alleges that Plaintiff owes $348,071.97, excluding interest.

On June 3, 2010 Defendant served its First Set of Interrogatories and Requests for Production of Documents.  Plaintiff responded on July 2, 2010.  Issues related to this discovery were before the Court in November 2010.  Defendant now seeks to compel the deposition of one of Plaintiff's owners, Brad Ginsberg, and compel business records.

**2.     Analysis**

At the hearing, the parties stated on the record that they had resolved all issues related to the discovery requests which were Interrogatory Nos. 7 and 9 and Requests to Produce Documents Nos. 3 and 6. Plaintiff will produce documents relating to internal costs and costs to cover and will produce the TRW RFQ, shipping receipts if they are separate from invoices, the correspondence files of individuals enumerated on the record with internal costs dedicated to the alleged breach, and documents supporting internal labor costs. Defendant has raw material that belongs to Plaintiff and Defendant will produce all invoices from Precision Kidd related to the raw material. The Court orders the same to be produced within 14 days of entry of this order.

The only remaining issue in Defendant's motion is the deposition of Brad Ginsberg. Pursuant to Fed. R. Civ. P. 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c)(i), (iii).

Defendant argues that Ginsberg's testimony is relevant because on January 11, 2009 Ginsberg sent an email responding to an email from Defendant Component in which Defendant advised that is was withdrawing all credit as of January 1, 2009 and was requiring all future releases to be prepaid.  (Docket no. 39).  Ginsberg responded in an email dated January 11, 2009 advising that he (Ginsberg) was the "owner of Coupled Products" and that Defendant Component was breaching their agreement and Coupled intended to hold Component liable for the breach and any resulting damages.  (Docket nos. 39 p. 8 of 17, 39-1).  Defendant also alleges that a Mr. Kochran admitted in deposition that Mr. Ginsberg was involved with the decision to resource Component Bar.  (Docket no. 39 p. 12 of 17).

Defendant argues that Mr. Ginsberg may have information relevant to the issue of the damage Plaintiff Coupled alleges it incurred as a direct result of being placed on cash advance and regarding why Ginsberg "chose not to respond to Mr. Pohlman's offer of an exit plan and voluntarily subjected Coupled to its claimed consequential damages instead of just paying cash in advance."  Defendant argues that these issues go to Defendant's principal defense, failure to mitigate.

Plaintiff Coupled argues that Mr. Ginsberg is not an employee of Plaintiff Coupled but is, instead,  a member of an LLC private equity firm that has an indirect ownership interest in Plaintiff Coupled. According to Plaintiff, Ginsberg and partner David Sinclair are the only members in SG Industries, LLC (SG).  SG is the sole member of CPA Acquisitions, LLC.  CPA Acquisitions, LLC is the sole member of Plaintiff Coupled Products.  This "indirect" ownership interest which Plaintiff describes is more direct than Plaintiff intimates.  A look into each of the various entities reveals that Ginsberg still appears at the heart of Coupled Products.  Although Ginsberg alleges limited

knowledge of the contract between Coupled and Component Bar (docket no. 45-2) there is evidence Ginsberg was involved in management decisions, which is relevant to the mitigation issue.

Plaintiff also argues that the "apex doctrine" applies in which "Courts will protect individuals at the 'apex' of a corporate hierarchy from deposition when such individuals lack personal knowledge regarding the litigation, or when the requested information could be garnered from equally or more knowledgeable subordinates." *Jones Co. Homes, LLC v. Laborers Intern. Union of North America*, 2010 WL 5439747 at *2 (E.D. Mich. Dec. 28, 2010).

The cases cited by Plaintiff to argue that Mr. Ginsberg should not be deposed are distinguishable. Here, Ginsberg had at least minimal direct involvement with the issue at bar and there is no evidence that Defendant seeks to depose Ginsberg in bad faith. *See Bush v. Dictaphone Corp*., 161 F.3d 363, 367 (6th Cir. 1998); *Lewelling v. Farmer's Ins. Of Columbia, Inc*., 879 F.2d 212, 218 (6th Cir. 1989). Ginsberg inserted himself into the facts underlying this matter when he sent the email representing the company as its "owner." There is a basis for finding that Ginsberg has unique information that cannot otherwise be obtained regarding his own role in the actions leading up to the case at bar and related to Defendant's defenses. The deposition is likely relevant to the claims and defenses in this action and is reasonably calculated to lead to the discovery of admissible evidence.

Ginsberg's declaration that he is a busy man working seven days a week and traveling extensively is not a compelling reason for foregoing or limiting his deposition. *See Horsewood v. Kids R Us*, 1998 WL 526589 at *7 (D. Kan. Aug. 13, 1998) ("Most deponents are busy. Most depositions involve some disruption of work or personal business.").

"It is within the discretion of the court to designate the location for a taking of depositions, and each application must be considered on its own facts and equities." *See Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (*citing Terry v. Modern Woodman of America*, 57 F.R.D. 141 (W.D.Mo.1972)).  Despite Plaintiff's argument that Ginsberg lives and has a business office in Northbrook, Illinois, Plaintiff has not shown good cause for a protective order to issue regarding the location of the deposition.  *See El Camino Resources, Ltd. v. Huntington Nat. Bank*, 2008 WL 2557596 at *3 (W.D. Mich. June 20, 2008).  Michigan is Plaintiff's choice of forum,  Michigan is the location of Plaintiff and Mr. Ginsberg is Plaintiff's owner and there is evidence that Mr. Ginsberg travels to Michigan on business.  (Docket no. 42 p. 7 of 12).  The Court will order the deposition to go forward in Michigan at Plaintiff's counsel's office.  The deposition will not exceed four hours, a term Defendant agreed to prior (docket no. 43-1), and will be completed in one day as allowed under Fed. R . Civ. P. 30(d)(1).

Attorneys fees will not be awarded to either party.  Fed. R. Civ. P. 37(a)(5)(A)(iii).

**IT IS THEREFORE ORDERED** that Defendant Component Bar Products, Inc.'s Motion To Compel (docket no. 39) is **GRANTED** in part as set forth herein and Brad Ginsberg is to appear for deposition at Plaintiff's counsel's office in Michigan on or before May 16, 2011 and Plaintiff will produce within fourteen days of entry of this Order the documents agreed to and set forth herein.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 25, 2011                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 25, 2011                    s/ Lisa C. Bartlett
                                         Case Manager