**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Coupled Products, LLC,**

**Plaintiff/**
**Counter-Defendant,**

**Civil Action No. 09-12081**

**vs.**

**District Judge Denise Page Hood**

**Component Bar Products, Inc.,**

**Magistrate Judge Mona K. Majzoub**

**Defendant/**
**Counter-Plaintiff.**
_______________________________/

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION OF THIS COURT'S OCTOBER 24, 2011 ORDER AND OPINION [75]**

Before the Court is Plaintiff Coupled Product, LLC's emergency motion for clarification of this Court October 24, 2011 order and opinion. (Dkt.75.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 79.) The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to rule.[1]

On October 24, 2011 this Court issued its order denying Defendant's motion to preclude Plaintiff from seeking in-sourcing costs as damages. (Dkt. 73, Order.) Although the Court denied Defendant's motion, it found that Plaintiff's delay in supplementing its damages calculations prejudiced Defendant. (Order at 7.) This prejudice, the Court held, violated the spirit of discovery. (*Id.*) And so the Court reopened discovery on the limited issue of fleshing out the in-sourcing

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

damages claim. (*Id.*) The Court further imposed limitations on discovery. (*Id.*) The Court ordered that Plaintiff must "pay all costs and fees for the re-deposition of its Rule 30(b)(6) witnesses, Jonathan Drew and Joseph Kochan." (*Id.*) The Court also stated that, "[t]he Court suggests that Plaintiff give consideration re-taking these two depositions by video deposition or some other economically feasible means, but does not specifically so order, leaving the manner and format of deposition to the discretion of [] Plaintiff[.]" (*Id*. at 7-8.) The Court also ordered that Plaintiff "pay the costs and fees for four additional alternate supplier depositions. . . . The Court finds that Plaintiff should bear the costs of four of these depositions." (*Id*. at 8.)

Plaintiff has now filed a motion seeking "clarification as to the amount of costs that [Plaintiff] may properly be charged." (Dkt. 75, Ex. 1, Pl.'s Mot. at 2.) Plaintiff states that "[t]he Court's Order did not specify what total the cap, if any, will be imposed on these costs." (*Id.*) Plaintiff states that it is "concerned that [Defendant's] request for reimbursement, if not capped, will be disproportionately high as compared to the $74,000.00 in in-source damages at issue." (*Id.*) Plaintiff suggests that $7,500.00 is a reasonable limitation. (Pl's Br. at 2.) Plaintiff argues that this $7,500.00 is a reasonable amount, as law requires. (*Id.* at 2-3.) And Plaintiff argues that the Court must now resolve this issue, otherwise the Court will have to address this fee issue at a later date. (*Id*. at 5.) Plaintiff states

> [u]ltimately, a hearing on the proper attorney fee award would be necessary to resolve the proper hourly rates and the proper amount of hours reasonably incurred. Not only would this process force the parties to spend more money but it would draw the Court into yet another proceeding. Should the fees be high, [Plaintiff] would have been forced to pay a large percentage of its potential . . . recovery as part of a supplemental discovery proceeding. In addition, there is a chance that the result of this hearing would be to leave [Defendant] with at least some of its expended fees unreimbursed.

(*Id.*)

Defendant argues that the Court's order was clear and that Plaintiff's proposed discovery cap is "simply unreasonable." (Dkt. 77, Def.'s Resp. at 2.) Defendant has submitted a detailed breakdown of a proposed amount of fees that it expects to incur in the additional discovery; this estimate is $23,747.43. (*Id*. at 5.) In its response, Defendant states that it would not deviate more than fifteen percent above its estimate. (*Id.*) Defendant also requests, if the Court is reexamining the scope of discovery with the motion, to submit five additional interrogatories and five additional document requests to Plaintiff. (*Id*. at 3.)

The Court agrees with Defendant in part–the Court finds that its order was clear. The Court ordered Plaintiff to pay the costs and fees as outlined in the Order. Plaintiff must now do so. Plaintiff prejudiced Defendant when it supplemented its damages claim so late in the discovery process. The Court ordered that Plaintiff should have to bear the costs of part of the additional discovery. The Court also ordered the parties to conduct the additional discovery as economically as possible. The Court reminds the parties to do so–and that reasonableness is a two-way street. The Court therefore will not revisit its prior order. Nor will the Court babysit the parties throughout discovery. The Court moreover is not persuaded by Plaintiff's forewarning that failure to cap the fees and costs now will result in the parties coming back into Court at a later time to address what fee actually is reasonable. The Court will determine what is reasonable, if needed, at a later time; the Court will not preemptively frustrate the parties' right to come to Court again.

The Court therefore **DENIES** Plaintiff's motion.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 21, 2011

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 21, 2011

s/ Lisa C. Bartlett
Case Manager