UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COUPLED PRODUCTS LLC,**

  Plaintiff,

Case No. 09-12081

Honorable Denise Page Hood

v.

**COMPONENT BAR PRODUCTS, INC.,**

  Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
**and**
**ORDER SETTING FINAL PRETRIAL CONFERENCE AND TRIAL DATES**

## I. INTRODUCTION/BACKGROUND

This matter is before the Court on Defendant Component Bar Products, Inc.'s Motion to Dismiss Pursuant to Forum Selection Clause and Fed. R. Civ. P. 12(b)(3) and 12(b)(6). Briefs have been filed and a hearing held on the matter.

On May 29, 2009, Plaintiff Coupled Products, LLC filed the instant action against Component Bar alleging four counts:: Breach of Contract (Count I); Anticipatory Repudiation (Count II); Unjust Enrichment/Quantum Meruit (Count III); Conversion (Count IV); and, Claim and Delivery (Count V). Component Bar filed a Counterclaim alleging Breach of Contract (Count I) and Account Stated (Count II). After cross-motions for partial summary judgment were filed and heard, the Court issued an Order on March 21, 2012 granting Coupled Products' Motion for Partial Summary Judgment in its favor as to the Breach of Contract claims in the Complaint and Counterclaim. The Court found that Component Bar breached the purchase order, P11065-17 and the 7/25/2007 Terms and Conditions. The Court denied Component Bar's Motion for Partial

Summary Judgment on its Counterclaim, finding a genuine issue of material facts on the Breach of Contract and Account stated claims.

Component Bar now argues that because the Court found that the 7/25/2007 Terms and Conditions apply in this case, the forum selection clause set forth in that documents must now be enforced. Coupled Products responds that this motion is essentially an untimely motion for reconsideration of the Court's previous order filed March 24, 2010 denying Component Bar's motion for change of venue. For the reasons set forth below, the instant motion is denied.

**II.   ANALYSIS**

Component Bar cites Rules 12(b)(3) and 12(b)(6) of the Rules of Civil Procedure as a procedural basis to move to dismiss the instant matter based on the forum selection clause in the 7/25/2007 Terms and Conditions. The Sixth Circuit has ruled that a forum selection clause cannot be enforced under Rule 12(b)(3) which is used to challenge improper venue under the venue statute, not under a forum selection clause. *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 535 (6th Cir. 2002). The Sixth Circuit has identified two procedural mechanisms that may be used to enforce a valid forum-selection clause: 1) a motion to dismiss under Rule 12(b)(6) and 2) a motion to transfer venue under 28 U.S.C. § 1404(a). *Langley v. Prudential Mortg. Capital Co., LLC,* 546 F.3d 365, 369 (6th Cir. 2008).

It is noted that Component Bar's prior Motion to Transfer Venue was based on 28 U.S.C. § 1404(a). (Doc. No. 6) Component Bar in that motion was seeking to transfer the case to Missouri where it is located. Component Bar was not seeking a transfer based on the forum-selection clause, because Component Bar's position at that time that the 7/25/2007 Terms and Conditions were not a valid agreement between the parties, therefore, the forum-selection clause in the agreement was not applicable. Now that this Court has ruled that the 7/25/2007 Terms and Conditions apply in this

case, Component Bar seeks to dismiss the action based on the forum-selection clause.

The forum selection clause in the 7/25/2007 Terms and Conditions state that "any action to interpret or enforce any such Order will be brought exclusively in a state or federal court with jurisdiction located in Toledo, Ohio, USA." (Ex. 1 to Motion, ¶ 34.a.) Pursuant to this forum-selection clause, Coupled Products filed the first lawsuit in the United States District Court, Northern District of Ohio, located in Toledo, Ohio. Before that court, Component Bar argued that the 7/25/2007 Terms and Conditions did not apply, therefore, the forum-selection clause in Ohio was not applicable. The district court agreed with Component Bar and dismissed the case for improper venue. Coupled Products then filed the instant suit in this district. Now that this Court has ruled that the 7/25/2007 Terms and Conditions apply in this case, Component Bar seeks to enforce the forum selection clause. If the Court were to enforce the forum selection clause, which Component Bar initially opposed, the Court could transfer the matter to the Ohio federal district court, where it was brought initially. The Court cannot transfer the matter to Missouri since in its prior order, this Court ruled that Component Bar did not show that this district was not convenient to the parties and witnesses.

Coupled Products argues that Component Bar has waived this issue since it previously opposed the initial law suit filed by Coupled Products in Ohio and was successful in doing so. Although Coupled Products identifies this issue as a "waiver" issue, the Court will consider this issue as one under the doctrine of judicial estoppel. The doctrine of judicial estoppel is "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *In re Commonwealth Institutional Securities, Inc.,* 394 F.3d 401, 406 (6th Cir. 2005), quoting *New*

*Hampshire v. Maine,* 532 U.S. 742, 749 (2001). There is no set formula for assessing when judicial estoppel should apply, but the Sixth Circuit has identified three factors courts may consider. First, a party's later position must be "clearly inconsistent with its earlier position." *In re Commonwealth,* 394 F.3d at 406. Second, a court should review "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* Finally, the court should evaluate whether the party advancing an inconsistent position would gain an unfair advantage if allowed to proceed with the argument. *Id.*

As to the first factor, Component Bar's current position that the forum-clause must be enforced is "clearly inconsistent with its earlier position" which was the forum-clause was not enforceable. Regarding the second factor, Component Bar succeeded in persuading the district court in Ohio to accept its earlier position that the forum-clause was not enforceable, which now leaves the perception that either Component Bar misled the first court or is now misleading this court. Addressing the third factor, the Court finds that Component Bar in advancing an inconsistent position would gain an unfair advantage if allowed to proceed with its current argument because the matter would be dismissed and Coupled Products would then have to litigate the matter at another venue. This creates further delay in the proceedings which, apart from the instant motion, appears to be ready for a final pretrial conference and trial. If the Court were to enforce the forum selection clause, which sets venue in Ohio, will Component Bar argue in that court the same argument it initially raised that the forum selection clause was not enforceable? The courts would be going in circles if Component Bar was able to proceed with its changed position.

Even if the Court were to allow Component Bar to proceed with its change of position, that because this Court found the 7/25/2007 Terms and Conditions applicable, the forum-selection clause

4

is also applicable, courts are not bound by forum-selection clauses set forth in the parties' agreements and may *sua sponte* consider the proper venue under 28 U.S.C. § 1404, which in this case, the Court previously so reviewed. *Wong v. PartyGaming Ltd.,* 589 F.3d 821, 830 (6th Cir. 2009).

Generally, a contractual forum-selection clause should be upheld so long as it is fair and reasonable in light of the surrounding circumstances. *M/S Bremen v. Zapata Off-Shore Co.,* 47 U.S. 1 (1972). This basic premise has been altered in the context of motions to transfer venue under 28 U.S.C. § 1404(a) by the Supreme Court's decision in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). A prior agreement between the parties concerning venue is not dispositive under § 1404(a), however the courts must consider a valid and otherwise enforceable forum-selection clause as just one of the relevant factors among many when deciding whether transfer of venue is appropriate under the statute. *Id.* at 31; *see also Kerobo,* 285 F.3d at 537-38 and *Langley,* 546 F.3d at 369. To determine whether to transfer a case, district courts should "weigh in the balance a number of case-specific factors." *Ricoh,* 487 U.S. at 32. The Supreme Court interpreted § 1404(a) as requiring the district court to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Id.* at 29. An individualized assessment of the motion "encompasses consideration of the parties' private expression of their venue preferences" as set forth in a forum-selection clause, as well as "the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power." *Id.* at 29-30. The moving party bears the burden of demonstrating by a preponderance of the evidence that in light of the factors, fairness and practicality strongly favor the forum to which transfer is sought. *Thomas v. Home Depot, U.S.A., Inc.,* 131 F.Supp.2d 934, 936 (E.D. Mich. 2001).

Given that this Court previously addressed the § 1404 issue raised by Component Bar in its

5

Motion to Transfer Venue, the Court abides by that ruling and will not consider Component Bar's current motion as a reconsideration of the Court's March 24, 2010 Order denying the Motion to Transfer Venue to Missouri. The Court will address the forum selection clause factor, which Component Bar now propounds is controlling. However, because Component Bar initially opposed the forum selection clause, and, in particular the venue in Ohio, the Court finds the forum selection clause factor, in weighing venue under § 1404 is afforded little weight. As argued by Component Bar before the court in Ohio, the forum selection clause is not enforceable.

In addition, the Court finds that the trial efficiency and the interests of justice factors weigh in favor continuing the litigation in this district, given that this matter is ready for a final pretrial conference and trial. Component Bar has not met its burden that fairness and practicality strongly favor dismissing this case based on the forum selection clause or transferring the case to Missouri (and now Indiana), as it previously argued before this Court. Because the forum selection clause is one factor the Court needs to consider in analyzing the proper venue in this case, finding that the clause is of little weight, the Court denies Component Bar's Motion to Dismiss based on the forum selection clause and stands by its previous order that venue is proper in this district.

### III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss based on the forum selection clause **(No. 85)** is DENIED.

IT IS FURTHER ORDERED that the Final Pretrial Conference is set for **Monday, October 22, 2012, 3:00 p.m.** All parties with authority must appear. The proposed *Joint* Final Pretrial Order must be submitted by Monday, October 15, 2012 pursuant to R11(a) of the CM/ECF Filing Policies and Procedures and in the form set forth in E.D. Mich. LR 16.2.

IT IS FURTHER ORDERED that the Trial Date is set for **Tuesday, November 13, 2012, 9:00 a.m.**

S/Denise Page Hood<br>Denise Page Hood<br>United States District Judge

Dated: September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>Case Manager