UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COUPLED PRODUCTS LLC,**

    **Plaintiff,**

Case No. 09-12081

Honorable Denise Page Hood

v.

**COMPONENT BAR PRODUCTS, INC.,**

    **Defendant.**

_____/

## ORDER REGARDING MOTIONS IN LIMINE

### I.   BACKGROUND

On March 21, 2012, the Court found in favor of Plaintiff Coupled Products, LLC as to liability on the breach of contract claim in Count I of Plaintiff's Complaint. The issue of damages remains as to Count I of Plaintiff's Complaint to be brought before the jury. There remain genuine issues of material facts as to Defendant Component Bar Products, Inc.'s Counterclaim in Counts I (Breach of Contract for failure to timely pay invoices) and II (Account Stated). (See, Doc. #82)

Defendant thereafter filed a Motion to Dismiss based on the forum clause provision of the agreement, which the Court denied in a September 28, 2012 Order. (See, Doc. #97) The Court indicated the parties' Motions in Limine would be ruled on without oral argument prior to trial. This matter is before the Court on Motions in Limine filed by the parties. Briefs have been filed.

### II.   ANALYSIS

    **A.   Defendant Component Bar Products' Motion in Limine (#90)**

        **1.   Dismissal of Counts II-V**

Defendant seeks to preclude Plaintiff from raising issues as to Counts II to V which Plaintiff agreed to dismiss. Plaintiff asserts Counts II-V are dismissed pursuant to its agreement that it would

dismiss these counts as stated in the Court's March 21, 2012 Order. Apparently the parties are unable to agree on an order dismissing Counts II-V. As to Counts II-V, the Court will expressly dismiss these counts below.

### 2. Employee Salary

Defendant seeks to preclude Plaintiff from seeking damages relating to salaries paid to its employees. In response, Plaintiff asserts that it is entitled to present evidence regarding salary wages paid to its employees.

The purpose of damages in a breach of contract action is to put the injured party "in as good as position as he would have been in had defendant kept his contract. *See Votar, L.L.C. v. HS R and A Company, Ltd.,* 370 Fed. Appx. 583, 589 (March 18, 2010)(analyzing Michigan law). After a breach, the buyer may "cover" by making in good faith and without unreasonable delay any reasonable purchase of or contract to purchase goods in substitution for those due from the seller, including any incidental or consequential damages, less expenses saved in consequence of the seller's breach. *See Metal Partners, LLC v. L & W Corp.,* 2009 WL 3271266 at * 9 (E.D. Mich. Oct. 13, 2009)(unpublished), citing M.C.L.A. § 440.2712. Incidental damages resulting from a seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach. M.C.L.A. § 440.2715(1). Consequential damages resulting from a seller's breach include any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise. M.C.L.A. § 440.2715(2).

Salary expenses may constitute incidental or consequential damages to Plaintiff in its attempt to cover the goods Defendant failed to deliver to Plaintiff. Plaintiff's Rule 30(b)(6) witness testified that although certain employees were paid a salary, Plaintiff had broken down the salary to an hourly rate while working on resourcing the parts Defendant was supposed to have provided to other manufacturers. Defendant may question Plaintiff's witnesses at trial to support its theory that Plaintiff cannot show that salaries to its employees were an unavoidable corporate expenditure, rather than expenses as a result of Defendant's breach. The Court denies without prejudice Defendant's Motion in Limine to exclude the salaries of Plaintiff's employees in the damages calculation.

### 3. Attorney Fees

Defendant seeks to preclude Plaintiff from presenting evidence as to its attorney fees. Plaintiff responds that with proper foundation, it will show it is entitled to attorney fees.

The authority of a district court to make an award of attorney's fees is delineated in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). *Bunning v. Kentucky*, 42 F.3d 1008, 1013 (6th Cir. 1994). The "American Rule" with regards to attorney's fees is that each party, including the prevailing party, must pay his or her own attorney's fees. *Alyeska*, 421 U.S. at 247. There are certain statutes that provide for the award of attorney's fees to the prevailing party (i.e. the Civil Rights Act of 1964, 42 U.S.C. § 20001-3(b)). However, the general rule prohibiting attorney's fee awards has never seriously been in doubt. *Alyeska,* 421 U.S. at 257. In Michigan, parties to a contract may agree that the breaching party must pay the reasonable attorneys' fees of the other side. *Advanced Accessory Sys., LLC v. Gibbs,* 71 Fed. Appx. 454, 464 (6th Cir. Jul. 16, 2003)(citing, *Zeeland Farm Servs., Inc. v. JBL Enters., Inc.,* 219 Mich. App. (1996).

3

In this case, Plaintiff has not cited any provision in the Purchase Order at issue or any agreement between the parties which entitle a party to the agreement attorney fees should the other party breach the agreement. Attorney fees will not be brought before the jury at trial. The Court grants Defendant's Motion in Limine to exclude attorney fees in the damages calculation.

### B. Plaintiff Coupled Products, LLC's Motion in Limine

#### 1. March 21, 2012 Opinion and Order as Law of the Case

Plaintiff seeks to exclude testimony or evidence which relitigates the issues in the Court's March 21, 2012 Opinion and Order. Plaintiff asserts that Defendant should not be allowed to present any post-breach damages that accrued after its January 8, 2009 repudiation of all contractual obligations.

Defendant responds that it understands the Court's March 21, 2012 Order is the law of the case and will not suggest to the jury that the Order is otherwise wrong. Defendant asserts, however, that it intends to introduce documentation and correspondence prior to and subsequent to the January 8, 2009 termination of the agreement to show that Plaintiff failed to mitigate its damages.

Michigan law imposes upon the buyer the duty to mitigate its damages. *See, Morris v. Clawson Tank Co.,* 459 Mich. 256, 263-64 (1998). The defendant bears the burden to show that the plaintiff failed to mitigate its damages. *Macsteel v. Eramet,* 2007 WL 657562 at *8 (E.D. Mich. Feb. 26, 2007)(unpublished).

Defendant is not precluded from introducing evidence to show failure to mitigate, even if such documentation occurred post-January 8, 2009. To the extent that Defendant will seek to show it is entitled to damages post-January 8, 2009 for parts it did not provide Plaintiff, such damages will not be brought before the jury since the Court has ruled that Defendant breached the contract at issue

4

by repudiating the contract on January 8, 2009. Plaintiff's Motion in Limine is denied as to the mitigation issue, but granted should the defense seek to submit damages post-January 8, 2009.

### 2. First Breaching Party

Plaintiff seeks to preclude evidence as to Defendant's breach of contract claim for Plaintiff's failure to pay under the invoices for parts already provided to Plaintiff arguing that it was Defendant who first breached the contract.

Defendant responds that the Court found genuine issues of material fact as to its Counterclaim for breach of contract (Count I) and account stated (Count II) claims. Defendant asserts it is entitled to present evidence regarding its claims.

It is well established under Michigan law that the party who commits the first substantial breach of contract cannot maintain an action against the other contracting party for failure to perform. *Kvaerner U.S., Inc. v. Hakim Plast Co.,* 74 F.Supp.2d 709, 720 (E.D. Mich. 1999). However, Defendant's Counterclaim goes to Plaintiff's failure to pay the invoices for parts that were delivered to Plaintiff prior to the January 8, 2009 repudiation by Defendant. So, in that instance, Defendant had yet to breach the contract. As noted in *Harvard Drug Group, LLC, v. Senior Respiratory Solutions, Inc.,* 2010 WL 148670 at *5 (E.D. Mich. 2010)(unpublished), it is no defense to payment for the goods already accepted that the agreement was subsequently terminated. A party is not relieved of its obligation to pay for goods already accepted. The Court denies Plaintiff's Motion in Limine to exclude evidence based on its argument that Defendant first breached the contract.

### 3. Course of Performance

Plaintiff seeks to exclude evidence regarding the parties' course of performance since the Court found that Defendant breached the agreement at issue and there is no unambiguous language in the agreement. Defendant responds that course of performance is proper in contract interpretation and only seeks to submit evidence regarding its manufacture of the goods in accordance with an order issued by Plaintiff. Defendant agrees that it cannot seek to introduce evidence of course of performance that contradicts the terms of the contract.

Given that Defendant agrees not to introduce course of performance evidence that contradicts the terms of the contract, the Court grants Plaintiff's Motion in LImine on this issue. Defendant may submit evidence relating to its breach of contract claim as to Plaintiff's failure to pay invoices on parts already delivered to Plaintiff.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Component Bar's Motion in Limine **(Doc. No. 90)** is GRANTED IN PART and DENIED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Plaintiff Coupled Products' Motion in Limine **(Doc. No. 91)** is GRANTED IN PART and DENIED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Counts II to V of Plaintiff's Complaint are DISMISSED with prejudice and will not be raised at trial.

> S/Denise Page Hood
> Denise Page Hood
> United States District Judge

Dated:  November 6, 2012

6

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2012, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager